Lyle C. Cavin, Jr., SBN 44958
Ronald H. Klein, SBN 32551
LAW OFFICES OF LYLE C. CAVIN, JR.
70 Washington Street, Suite 325
Oakland, California 94607
(510) 444-2501

Attorneys for Plaintiff
DAVID N. ERIKSEN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID N. ERIKSEN,<br><br>   Plaintiff,<br><br>v.<br><br><br><br><br><br><br><br>UNITED STATES OF AMERICA,<br><br>   Defendant      / | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br>(Personal Injury)<br><br>[Public Vessels Act, §§31101 *et seq*.]<br>[Suits in Admiralty Act,<br>    §§46 U.S.C. 30901 *et seq*.]<br>[Jones Act, 46 U.S.C. §30104]<br>[Unseaworthiness]<br>[Maintenance and Cure] |

Plaintiff, DAVID N. ERIKSEN, complains against Defendant as follows:

**JURISDICTION**

1.   Plaintiff, DAVID N. ERIKSEN, is a citizen of the United States, was a seaman at all material times, and elects to proceed herein pursuant to 28 U.S.C. section 1916 without prepayment of costs and fees and without security therefor.

2.   This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3.   At all times mentioned, Defendant, United States of America, was

and is a sovereign state, which by Act of Congress of March 9, 1920 (46 U.S.C. sections 30901 *et seq.*), as amended, commonly known as the Suits in Admiralty Act, has consented to be sued in this Honorable Court on the cause or causes of action set forth herein, and Defendant owned, operated, controlled, and/or chartered the vessel ADMIRAL W. M. CALLAGHAN, which was and is a public vessel of the United States or employed as such by Defendant, and Defendant is amenable to suit herein under and pursuant to the provisions of an Act of Congress of March 3, 1925 (46 U.S.C. sections 31101 *et seq.*), as amended, commonly known as the Public Vessels Act.

4. Pursuant to the Clarification Act, 50 U.S.C. Appendix, section 1291(a), and the provisions of Title 46, Code of Federal Regulations, Part 327, Plaintiff duly presented administrative claims to the Maritime Administration (MARAD), and to its ship managers, timely and in proper form, providing all pertinent information required by law to be included therein.  Plaintiff is informed and believes and thereon alleges that said claims were received by MARAD and its ship managers on or about January 29, 2007.  No notice of denial by MARAD or its ship manager upon said claim has ever been received by Plaintiff, and 60 or more days having elapsed since the filing of the claim, the claim is therefore deemed denied, pursuant to 46 C.F.R. section 327.7.

5. This action also arises under the Jones Act, 46 U.S.C. section 30104 and the general maritime law, in admiralty and maritime jurisdiction as hereinafter more fully appears.

6. Venue is proper in this district pursuant to 46 U.S.C. sections 742 and 782, based on the fact that the vessel creating liability is found in this district, and Plaintiff left the vessel here.

## CLAIMS FOR RELIEF

7. At all times material hereto, Defendant was the owner, operator and/or charterer of the vessel, ADMIRAL W. M. CALLAGHAN (hereinafter the "vessel"), and used said vessel in the transportation of cargo, equipment, material and other things for hire upon the navigable waters of the United States in interstate and foreign commerce, or otherwise within the jurisdiction of the Jones Act and the general maritime law.

8. At all times material hereto, Plaintiff, DAVID N. ERIKSEN, was employed by Defendant as a member of the crew of said vessel in the capacity of Bosun and otherwise.

9. On or about October 28, 2006, while so employed aboard the vessel, Plaintiff sustained injuries to his leg, and received other injuries.

10. Said injuries and consequent damages were directly and proximately caused by the negligence of Defendant, its agents, employees and representatives, and the unseaworthiness of the vessels in that Defendant and its vessel failed to:

(a) To provide Plaintiff a safe place to work;

(b) To exercise due care under the circumstances; and

(c) To keep and maintain its vessel and its appurtenances, equipment and crew in a safe and seaworthy condition.

11. As a direct and proximate result of the Defendant's negligence, and the unseaworthiness of the vessels, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his body and shock and injury to his nervous system, all of which injuries have caused and continue to cause Plaintiff great mental, physical, and nervous pain and suffering. Plaintiff is informed and

believes and thereon alleges that these injuries will result in some permanent disability and loss of earning capacity, all to his general damages in an amount to be ascertained.

12. As a further direct and proximate result of Defendant's negligence, and the unseaworthiness of the vessel, Plaintiff was, is, and will be prevented from attending to his usual occupation and he thereby lost earnings, earning capacity, and other benefits and will continue to sustain similar future losses. The total amount of these losses is presently unknown to Plaintiff and Plaintiff will amend this complaint to set forth these amounts when the same shall be ascertained.

13. As a further direct and proximate result of Defendant's negligence and the unseaworthiness of the vessel, Plaintiff has required treatment by doctors, nurses and other medical personnel to examine, treat, and care for him, and has incurred and will incur medical and other expenses. The amount of said expenses are unknown to Plaintiff at this time and Plaintiff will amend this complaint to set forth these when the same have been ascertained.

14. By reason of above described injuries sustained in the course of employment, Defendants had and has a legal duty to provide Plaintiff with prompt and adequate maintenance payments and proper medical care and cure for purposes of treating his injuries. Insofar as Defendants fail to provide maintenance and cure, Plaintiff is owed same at a reasonable amount, and, in addition, Defendants are liable for compensatory damages for delay in payment thereof.

Complaint For Damages

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For general damages according to proof;

2. For loss of earnings and earning capacity according to proof;

3. For medical and incidental expenses according to proof;

4. For maintenance and cure according to proof, and for compensatory damages for delay in payment of maintenance and cure;

5. For prejudgment interest according to proof;

6. For costs of suit herein incurred and to be incurred; and

7. For such other and further relief as the court deems just and proper.

September 24, 2007                    LAW OFFICES OF LYLE C. CAVIN, JR.


By: _____/s/_____
       Ronald H. Klein
       Attorneys for Plaintiff
       DAVID N. ERIKSEN

Complaint For Damages