JEFFREY S. BUCHOLTZ
Assistant Attorney General
SCOTT N. SCHOOLS
United States Attorney
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
JEANNE M. FRANKEN
Trial Attorney
Torts Branch, Civil Division
GEOFFREY D. OWEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Bldg., P.O. Box 36028
450 Golden Gate Avenue
San Francisco, California  94102-3463
Telephone:  (415) 436-6635; (415) 436-6646
E-mail:       jeanne.franken@usdoj.gov
                    geoff.owen@usdoj.gov

Attorneys of Defendant & Cross-claimant
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID N. ERIKSEN, | CIVIL NO.  C-07-05005-JCS |
| Plaintiff, | ANSWER OF UNITED STATES OF AMERICA |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

For its answer to plaintiff's Complaint, the United States admits, denies, and otherwise responds as follows:

ANSWERING THE PARAGRAPHS TITLED "JURISDICTION"

1. Denies each and every allegation of paragraph 1, except admits and asserts that at times material hereto plaintiff was employed as a seaman.

2. Denies each and every allegation of paragraph 2, except admits and asserts that

ANSWER OF UNITED STATES OF AMERICA        1        C-07-05005-JCS

1  this appears to be an admiralty and maritime claim within the meaning of Fed.R.Civ.P.
2  9(h), and that the United States is a sovereign which has consented to be sued, if at all,
3  solely pursuant to the terms and conditions of the Clarification Act, 50 App. U.S.C.A.
4  §1291, which incorporates the Suits in Admiralty Act, 46 U.S.C. §§ 30901-30918.

5      3. Denies each and every allegation of paragraph 3, except admits and asserts that
6  the M/V ADMIRAL W. M. CALLAGHAN is a public vessel, and that the United States
7  is a sovereign which has consented to be sued, if at all, solely pursuant to the terms and
8  conditions of the Clarification Act, 50 App. U.S.C.A. §1291, which incorporates the Suits
9  in Admiralty Act, 46 U.S.C. §§ 30901-30918.

10      4. Denies each and every allegation of paragraph 4, except admits and asserts that
11  plaintiff submitted a purported claim which was received by the United States Maritime
12  Administration ("MARAD") on or about January 29, 2007.

13      5. To the extent paragraph 5 contains assertions of law, no response is required by
14  defendant United States of America; otherwise, admits and asserts this case against the
15  United States of America by a seaman employed on a MARAD vessel appears to be an
16  admiralty and maritime claim within the meaning of Fed.R.Civ.P. 9(h), and that the
17  United States is a sovereign which has consented to be sued, if at all, solely pursuant to
18  the terms and conditions of the Clarification Act, 50 App. U.S.C.A. §1291, which
19  incorporates the Suits in Admiralty Act, 46 U.S.C. §§ 30901-30918.

20      6. To the extent paragraph 6 contains assertions of law, no response is required by
21  defendant United States of America; otherwise, denies the allegations of paragraph 6 for
22  lack of knowledge and information, except admits that the vessel was in this district on the
23  date the Complaint was filed.

24      <u>ANSWERING THE PARAGRAPHS TITLED "CLAIMS FOR RELIEF"</u>
25      7. Answering the allegations of paragraph 7, repeats and realleges paragraphs 1-6,
26  *supra*, as though each were fully set out herein; and to the extent paragraph 7 contains
27  assertions of law, no response is required by defendant United States of America;

28  ANSWER OF UNITED STATES OF AMERICA     2      C-07-05005-JCS

otherwise, denies each and every allegation therein, except admits and asserts that at times material hereto, the United States was the owner of the M/V ADMIRAL W. M. CALLAGHAN, and further that the vessel was used at times to carry cargo and other things upon the navigable waters of the United States.

8. Denies each and every allegation of paragraph 8, except admits and asserts that, at times material hereto, plaintiff was a seaman employed on behalf of the United States of America on the M/V ADMIRAL W. M. CALLAGHAN by MARAD's ship manager pursuant to contract.

9. Denies each and every allegation of paragraph 9.

10. Denies each and every allegation of paragraphs 10 a) through 10 c), inclusive.

11. Denies each and every allegation of paragraph 11.

12. Denies each and every allegation of paragraph 12.

13. Denies each and every allegation of paragraph 13.

14. Denies each and every allegation of paragraph 14.

### FIRST AFFIRMATIVE DEFENSE

15. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

16. To the degree the Complaint prays for relief in the form of punitive damages or penalties of some kind for failure to timely pay maintenance and cure, which is denied, the complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

17. To the degree the Complaint prays for relief in the form of interest prior to the filing of the Complaint, the Complaint fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

18. If plaintiff sustained damages or injuries as a result of matters alleged in his Complaint, which is denied, those damages or injuries were caused in whole or in part by

1  the negligence and/or fault of plaintiff himself, and were not caused or contributed to in
2  any manner by any negligence and/or fault of the United States, its agents, servants,
3  employees, crew, vessel or others for whom it was or is responsible or by any
4  unseaworthiness of the M/V ADMIRAL W. M. CALLAGHAN.

### FIFTH AFFIRMATIVE DEFENSE

19. If plaintiff sustained damages or injuries as a result of matters alleged in his Complaint, which is denied, those damages or injuries were caused in whole or in part by persons or entities for whose acts or omissions the United States was or is not responsible, and were not caused or contributed to in any manner by any negligence and/or fault of the United States, its agents, servants, employees, crew, vessel or others for whom it was or is responsible or by any unseaworthiness of the M/V ADMIRAL W. M. CALLAGHAN.

### SIXTH AFFIRMATIVE DEFENSE

20. If plaintiff sustained damages or injuries as a result of matters alleged in his Complaint, which is denied, those damages or injuries were caused in whole or in part by the failure of the plaintiff to carry out the responsibilities assigned to him as a primary duty and were not caused or contributed to in any manner by any negligence and/or fault of the United States, its agents, servants, employees, crew, vessel or others for whom it was or is responsible or by any unseaworthiness of the M/V CAPE MOHICAN.

### SEVENTH AFFIRMATIVE DEFENSE

21. This Court lacks subject matter jurisdiction over plaintiff's action based on, *inter alia*, the doctrine of separation of powers; any acts or omissions by or on behalf of the United States which plaintiff alleges caused or contributed to his alleged injuries or damages were discretionary in nature and are not reviewable by this court.

### EIGHTH AFFIRMATIVE DEFENSE

22. Plaintiff has failed to mitigate his alleged damages.

### NINTH AFFIRMATIVE DEFENSE

23. If plaintiff suffered injury and/or damages as alleged in the Complaint, which is

1  denied, plaintiff has been paid all amounts due to him.

2  WHEREFORE, the United States of America prays:

3  1. That plaintiff's action against it be dismissed with prejudice and with costs;

4  2. That judgment be entered in favor of the Unites States of America as against
5  plaintiff; and

6  3. For such and other further relief as this Court may deem just and proper.

8  Dated:    December 3, 2007
                                    JEFFREY S. BUCHOLTZ
9                                   Assistant Attorney General
                                    SCOTT N. SCHOOLS
10                                  United States Attorney
                                    R. MICHAEL UNDERHILL
11                                  Attorney in Charge, West Coast Office
                                    Torts Branch, Civil Division
12                                  JEANNE M. FRANKEN
                                    Trial Attorney
13                                  Torts Branch, Civil Division

15                                   /s G. D. Owen
                                    GEOFFREY D. OWEN
16                                  Trial Attorney
                                    Torts Branch, Civil Division
17                                  U.S. Department of Justice

18                                  Attorneys for Defendant
                                    United States of America

28  ANSWER OF UNITED STATES OF AMERICA          5                    C-07-05005-JCS