JEFFREY S. BUCHOLTZ
Assistant Attorney General
SCOTT N. SCHOOLS
United States Attorney
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
JEANNE M. FRANKEN
Trial Attorney
Torts Branch, Civil Division
GEOFFREY D. OWEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Bldg., P.O. Box 36028
450 Golden Gate Avenue
San Francisco, California 94102-3463
Telephone: (415) 436-6635; (415) 436-6646
E-mail:   jeanne.franken@usdoj.gov
          geoff.owen@usdoj.gov

Attorneys of Defendant
United States of America

LYLE C. CAVIN, JR. SBN 44958
RONALD H. KLEIN, SBN 32551
LAW OFFICES OF LYLE C. CAVIN, JR.
70 Washington Street, Suite 325
Oakland, CA 94607
(510) 444-2501

Attorneys for Plaintiff,
DAVID N. ERIKSEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID N. ERIKSEN, | ) CIVIL NO. C-07-05005-JCS |
| Plaintiff, | ) JOINT CASE MANAGEMENT |
| v. | ) STATEMENT |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

JOINT CASE MANAGEMENT STATEMENT          1                    C-07-05005-JCS

Counsel for the parties have conferred and make the following joint case management statement:

1. <u>Jurisdiction and Service</u>:  This appears to be an admiralty and maritime claim within the meaning of Fed.R.Civ.P. Rule 9(h), and the United States is a sovereign which has consented to be sued, if at all, solely pursuant to the terms and conditions of the Clarification Act, 50 App. U.S.C.A. §1291, incorporating the consistent provisions of the Suits in Admiralty Act, 46 U.S.C. §§ 30901-30918.

2. <u>Facts</u>:

 a. Chronology:  This is a seaman's injury action by David N. Eriksen for damages he allegedly sustained while lowering equipment down a stairway on board the M/V ADMIRAL W. M. CALLAGHAN ("the Vessel"), a public vessel of the United States, while it was underway.  Following the incident plaintiff received medical care, was discharged from the Vessel and allegedly received continuing medical care and treatment until he was determined to be fit for duty on September 1, 2007.

 b. Principal factual issues in dispute:

  (1) Whether the United States was negligent in any regard.

  (2) Whether the Vessel was unseaworthy in any regard.

  (3) Whether any unseaworthiness of the Vessel or negligence of the United States caused or contributed to the plaintiff's injury.

  (4) Whether the plaintiff caused or contributed to the accident and/or his own injuries.

  (5) In the event the defendant is liable to the plaintiff, the percentage reduction in his recovery, if any, due to his own fault.

  (6) Whether the plaintiff failed to carry out the responsibilities assigned to him as a primary duty.

  (7) Whether the defendant was engaged in a discretionary activity for which its sovereign immunity is not waived.

1        (8) The type and extent of plaintiff's provable injuries, if any.

2        (9) The type and extent of plaintiff's damages, if any.

3        (10) Whether plaintiff was paid all amounts due him.

4        (11) Whether plaintiff failed to mitigate his damages, if any.

5   3. <u>Legal Issues</u>:

6      a. Whether defendant exercised due care;

7      b. Whether any negligence by defendant or unseaworthiness of CAPE
8  JACOB was a legal cause of plaintiff's alleged injuries and or damage;

9      c. Whether plaintiff breached a duty of care and was solely or,
10      comparatively negligent, and if so, in what proportion;

11      d. Whether responsibilities assigned to the plaintiff as a primary duty
12  governed the activities at the time of the alleged accident.

13      e. Whether plaintiff failed to mitigate his damages;

14      f. Whether the defendant United States was engaged in a discretionary
15  activity for which its sovereign immunity is not waived;

16      g. Whether the court has subject matter jurisdiction;

17      h. Whether attorneys fees and/or costs are awardable.

18   4. <u>Motions</u>: There are no pending motions. The United States does not anticipate
19  any at this time.

20   5. <u>Amendment of Pleadings</u>: The parties do not anticipate amendments at this
21  time.

22   6. <u>Evidence Preservation</u>: The United States has attempted to ensure that relevant
23  documents are preserved.

24   7. <u>Disclosures</u>: The parties served initial disclosures and documents on counsel on
25  January 04, 2008.

26   8. <u>Discovery</u>: No discovery has been taken to date by either party in this matter.
27  The scope of discovery is expected to include relevant medical records,

28

documents/logs/reports from the Vessel and ship manager relevant to its status/condition at the time of the alleged incident, and depositions of plaintiff, percipient, medical and expert witnesses.

9. <u>Class Actions</u>: Not applicable.

10. <u>Related Cases</u>: None.

11. <u>Relief</u>: As prayed for in pleadings.

12. <u>Settlement and ADR</u>: Counsel for the parties have conferred and request an Early Settlement Conference with a Magistrate Judge. An ADR telephone conference is scheduled for February 9, 2008.

13. <u>Consent to Magistrate Judge for All Purposes</u>: Counsel for the parties have agreed to have a Magistrate Judge conduct all further proceedings in this matter, including trial and entry of judgment.

14. <u>Other References</u>: This case does not appear to be suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>: Defendant United States will continue to endeavor to reach agreement with plaintiff in order to present some part of the case on an agreed statement of facts, and will work with plaintiff to stipulate to the authenticity and admissibility of some or all of the exhibits at an appropriate time.

16. <u>Expedited Schedule</u>: The parties agree that this does not appear to be a case that can be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling</u>: To be determined at Case Management Conference.

18. <u>Trial</u>: This case is to be tried to the court.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>: None.

Dated:  1/4/08

/s Ronald H. Klein
LAW OFFICES OF LYLE C. CAVIN, JR.
Ronald H. Klein, SBN# 32551
70 Washington Street, Suite 325

| | |
|---|---|
| 1 | Oakland, CA 94607 |
| 2 | Telephone (510) 444-2501 |
| 3 | Attorney's for Plaintiff<br>David N. Eriksen |
| 4 | |
| 5 | Dated:  1/4/08 |

JEFFREY S. BUCHOLTZ
Assistant Attorney General
SCOTT N. SCHOOLS
United States Attorney
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
JEANNE M. FRANKEN
Trial Attorney
Torts Branch, Civil Division


  /s G. D. Owen
GEOFFREY D. OWEN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice

Attorneys for Defendant
United States of America

JOINT CASE MANAGEMENT STATEMENT        5        C-07-05005-JCS